

**FILED**

**JUL 1 9 2010**

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v.                                                  )<br>)<br>HAROLD R. WELLS,                      )<br>NICK DEBRUIN, and                    )<br>ERNEST BRUCE BONHAM        )<br>)<br>Defendants                              )<br>)<br>)<br>)<br>)<br>)<br>) | 10-CR- **10 CR 116** JHP<br><br>18 U.S.C. § 242<br>18 U.S.C. § 241<br>18 U.S.C. § 2<br>21 U.S.C. § 846<br>21 U.S.C. § 841<br>21 U.S.C. § 843<br>18 U.S.C. § 371<br>18 U.S.C. § 641<br>18 U.S.C. § 924(c) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT 1

A.   *At all times relevant to this Indictment:*

   1.   **HAROLD R. WELLS** was employed as a sworn officer with the Tulsa Police Department ("TPD").

   2.   John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill, who are not charged in this Indictment, were all employed as sworn officers with the TPD.

   3.   The TPD was the principal law enforcement agency for Tulsa, Oklahoma. Tulsa is located within the Northern District of Oklahoma.

B.  *The Charge*

Beginning on or about December 28, 2007, and continuing until on or about the return of this Indictment, in Northern District of Oklahoma,

**HAROLD R. WELLS,**

while acting under color of law, did willfully conspire and agree with John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill to injure, oppress, threaten, and intimidate Hugo Gutierrez in the free exercise and enjoyment of rights secured to him by the Constitution and laws of the United States, that is, the right to be free from unreasonable searches and seizures by one acting under color of law, and to receive due process of law before being deprived of property by one acting under color of law.

C.  *Object of the Conspiracy*

The object of the conspiracy was that **HAROLD R. WELLS,** John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill would conduct an unlawful search of a residence associated with Hugo Gutierrez and seize and steal a large sum of cash from Hugo Gutierrez as they conducted this unlawful search.

D.  *Manner and Means*

1.  It was part of the conspiracy that **HAROLD R. WELLS,** John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill agreed to use their status and authority as sworn law enforcement officers of the TPD, including their uniforms, marked police vehicles, and official badges to carry out the object of the conspiracy.

2.  It was further a part of the conspiracy that **HAROLD R. WELLS,** John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill entered into a scheme to commit an unlawful

search and seizure, resulting in the subsequent theft of a large sum of cash from Hugo Gutierrez.

3. It was further a part of the conspiracy that **HAROLD R. WELLS**, John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill, by entering into and participating in this scheme, intentionally deprived Hugo Gutierrez of rights and privileges secured by the Constitution and the laws of the United States.

E. *Overt Acts*

1. In furtherance of the conspiracy, and to accomplish the objects thereof, the following overt acts, among others, were performed in the Northern District of Oklahoma by **HAROLD R. WELLS**, John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill:

   a. On or about December 28, 2007, John K. Gray, a/k/a J.J. Gray used a confidential informant to make a purchase of marijuana from Hugo Gutierrez.

   b. On or about December 28, 2007, in order to obtain a state search warrant for a residence associated with Hugo Gutierrez, John K. Gray, a/k/a J.J. Gray prepared an affidavit falsely representing that the confidential informant had purchased marijuana from a residence associated with Hugo Gutierrez.

   c. On or about January 4, 2008, **HAROLD R. WELLS**, John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill conducted a search of a residence associated with Hugo Gutierrez, finding over $90,000 in cash that was the property of Hugo Gutierrez.

   d. On or about January 4, 2008, **HAROLD R. WELLS**, John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill, while asserting their authority as sworn law enforcement officers of the TPD, arrested Hugo Gutierrez.

   e. On or about January 4, 2008, after taking possession of the money, **HAROLD R. WELLS**, John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill stole some of the money belonging to Hugo Gutierrez, but turned in $83,186 cash to TPD as the total amount of recovered funds from the search.

   g. At a later time, **HAROLD R. WELLS**, John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill divided the stolen money between them.

All in violation of Title 18, United States Code, Section 241.

## COUNT 2

On or about January 4, 2008, in the Northern District of Oklahoma,

**HAROLD R. WELLS,**

John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill, aiding and abetting one another, and acting under color of law as sworn TPD officers, did willfully deprive Hugo Gutierrez of rights and privileges secured and protected by the Constitution and laws of the United States, to wit: **HAROLD R. WELLS,** John K. Gray, a/k/a J.J. Gray, Callison Kaiser, and Eric Hill stole a large sum of cash from Hugo Gutierrez while conducting a search of a residence pursuant to a state search warrant based on false information, thereby depriving Hugo Gutierrez of the right to be secure against unreasonable searches and seizures of property by one acting under color of law and to receive due process of law before being deprived of property by one acting under color of law.

All in violation of Title 18, United States Code, Section 242 and Section 2.

## COUNT 3

In or about Spring 2007, in the Northern District of Oklahoma,

**HAROLD R. WELLS,**

aided and abetted by John K. Gray, a/k/a J.J. Gray, did knowingly and intentionally distribute less than 50 grams of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 4

From in or about January 2006 through in or about December 2009 in the Northern District of Oklahoma,

**HAROLD R. WELLS,
NICK DEBRUIN, AND
ERNEST BRUCE BONHAM,**

knowingly and intentionally conspired with one another and other persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute Schedule I and Schedule II controlled substances, to-wit, marijuana; cocaine hydrochloride; cocaine base a/k/a crack cocaine, and methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), and that during the course of this conspiracy, the following amounts were involved: less than 50 kilograms of a mixture or substance containing a detectible amount of marijuana; less than 500 grams of a mixture or substance containing a detectible amount of cocaine hydrochloride; less than 50 grams of cocaine base, a/k/a/ crack; and less than 50 grams of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, and salts of its isomers.

All in violation of Title 21, United States Code, Section 846.

## COUNT 5

From in or about January 2006 through in or about December 2009 in the Northern District of Oklahoma,

**HAROLD R. WELLS,**

during and in relation to the drug trafficking crimes alleged in Counts 3, 4, and 7 of this Indictment, knowingly carried and possessed a firearm.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 6

From in or about January 2006 through in or about December 2009 in the Northern District of Oklahoma,

**HAROLD R. WELLS,
NICK DEBRUIN, AND
ERNEST BRUCE BONHAM,**

while acting under color of law as Tulsa police officers, did willfully conspire and agree with one another, and others known and unknown to the Grand Jury, to injure, oppress, threaten and intimidate persons arrested by them, in the free exercise and enjoyment of rights secured to those arrested by the Constitution and laws of the United States, that is, the right to receive due process of law before being deprived of liberty by one acting under color of law.

    A.    *Object of the Conspiracy*

    1.    The object of the conspiracy was to unlawfully arrest, convict and imprison persons.

    B.    *Manner and Means of the Conspiracy*

    1.    **HAROLD R. WELLS, NICK DEBRUIN, AND ERNEST BRUCE BONHAM,** and others known and unknown to the Grand Jury, utilized their positions as Tulsa Police Department officers to plant small quantities of marijuana, methamphetamine, cocaine and cocaine base, a/k/a crack cocaine on persons in order to arrest them for drug possession.

All in violation of Title 18, United States Code, Section 241.

## COUNT 7

From in or about Spring 2009, through in or about August 2009, in the Northern District of Oklahoma,

**HAROLD R. WELLS,**

knowingly and intentionally conspired with John K. Gray, a/k/a J.J. Gray and other persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and that during the course of this conspiracy more than 500 grams of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, and salts of its isomers was involved.

All in violation of Title 21, United States Code, Section 846.

## COUNT 8

A.   *At all times relevant to this Indictment:*

1.   **HAROLD R. WELLS, NICK DEBRUIN, and EARNEST BRUCE BONHAM** were employed as sworn officers with the Tulsa Police Department ("TPD").

2.   The TPD was the principal law enforcement agency for Tulsa, Oklahoma. Tulsa is located within the Northern District of Oklahoma.

B.   *The Charge*

From on or about May 18, 2009 through on or about the return of this Indictment, in the Northern District of Oklahoma,

**HAROLD R. WELLS,
NICK DEBRUIN, and
ERNEST BRUCE BONHAM,**

knowingly and intentionally conspired with one another and with John K. Gray, a/k/a J.J. Gray to steal funds of the United States, to which they knew they were not entitled, and the value of such funds was more than $1,000.00, in violation of Title 18, United States Code, Section 641 and Section 2.

C.   *Object of the Conspiracy*

The object of the conspiracy was that **HAROLD R. WELLS, NICK DEBRUIN, ERNEST BRUCE BONHAM,** and John K. Gray, a/k/a J.J. Gray would seize and steal cash from a purported drug dealer who was staying at the Super 8 Motel.

D.   *Manner and Means*

1.   It was part of the conspiracy that **HAROLD R. WELLS, NICK DEBRUIN, ERNEST BRUCE BONHAM,** and John K. Gray, a/k/a J.J. Gray agreed to use their status and

11

authority as sworn law enforcement officers of the TPD to carry out the object of the conspiracy.

2. It was further a part of the conspiracy that **HAROLD R. WELLS, NICK DEBRUIN, ERNEST BRUCE BONHAM,** and John K. Gray, a/k/a J.J. Gray, entered into a scheme to steal cash from a purported drug dealer who was staying at the Super 8 Motel.

3. It was further a part of the conspiracy that **HAROLD R. WELLS, NICK DEBRUIN, ERNEST BRUCE BONHAM,** and John K. Gray, a/k/a J.J. Gray, by entering into and participating in this scheme, intended to deprive the purported drug dealer of rights and privileges secured by the Constitution and the laws of the United States.

E. *Overt Acts*

1. In furtherance of the conspiracy, and to accomplish the objects thereof, the following overt acts, among others, were performed in the Northern District of Oklahoma by **HAROLD R. WELLS, NICK DEBRUIN, ERNEST BRUCE BONHAM,** and John K. Gray, a/k/a J.J. Gray:

   a. On or about May 18, 2009, **HAROLD R. WELLS, NICK DEBRUIN, ERNEST BRUCE BONHAM,** and John K. Gray, a/k/a J. J. Gray went to the Super 8 Motel in Tulsa, Oklahoma to search a room which they thought was rented by a drug dealer from out of town.

   b. On or about May 18, 2009 during the search of the motel room by **HAROLD R. WELLS** and John K.Gray, a/k/a J. J. Gray found approximately $13,000 in cash in the room, stole some of the money, and put it in his pocket.

   c. On or about May 18, 2009, John K. Gray, a/k/a J. J. Gray called the confidential informant, who gave him the information that a drug dealer would be at the room, to tell the confidential informant that he had found $8,000.

   d. On or about May 18, 2009, after discovering that there was a Department of Justice agent conducting surveillance of the motel during their search, **HAROLD R. WELLS, NICK DEBRUIN** and other officers met at the Coney Islander restaurant in Tulsa and decided to return the stolen money by turning all of it in to

12

the TPD as evidence.

All in violation of Title 18, United States Code, Section 371.

## COUNT 9

On or about May 18, 2009, in the Northern District of Oklahoma,

**HAROLD R. WELLS,
NICK DEBRUIN, AND
ERNEST BRUCE BONHAM,**

aiding and abetting one another, and John K. Gray, a/k/a J. J. Gray, willfully and knowingly stole funds of the United States, to which they knew they were not entitled, and the value of such funds was more than $1,000.00.

All in violation of Title 18, United States Code, Section 641 and Section 2.

## COUNT 10

On or about July 29, 2009, in the Northern District of Oklahoma,

**HAROLD R. WELLS,**

knowingly and intentionally used and caused to be used a communication facility, that is, a telephone, to commit and facilitate the commission of a drug felony, to-wit: conspiracy to possess with intent to distribute and to distribute more than 500 grams of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 11

On or about May 5, 2006, in the Northern District of Oklahoma,

**NICK DEBRUIN,**

while acting under color of law as a sworn Tulsa police officer, did willfully deprive Cody Weavel of rights and privileges secured and protected by the Constitution and laws of the United States, to wit: **NICK DEBRUIN** stole in excess of $500 in cash from a lockbox while conducting a search of a residence associated with Cody Weavel, and gave some of the stolen cash to TPD officer Callison Kaiser, thereby depriving Cody Weavel of the right to be free from unreasonable seizure by one acting under color of law and to receive due process of law before being deprived of property by one acting under color of law.

All in violation of Title 18, United States Code, Section 242.

## COUNT 12

From in or about January 2006 through in or about December 2009 in the Northern District of Oklahoma,

**NICK DEBRUIN,**

during and in relation to the drug trafficking crimes alleged in Count 4 of this Indictment, knowingly carried and possessed a firearm.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 13

From in or about January 2006 through in or about December 2009 in the Northern District of Oklahoma,

**EARNEST BRUCE BONHAM**

during and in relation to the drug trafficking crimes alleged in Count 4 of this Indictment, knowingly carried and possessed a firearm.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

A TRUE BILL.

/s/
Grand Jury Foreperson

JANE W. DUKE
SPECIAL UNITED STATES ATTORNEY

*Jane W. Duke*

JANE W. DUKE (Ark. Bar #96190)
PATRICK C. HARRIS (Ark. Bar #85069)
PATRICIA S. HARRIS (Ark. Bar #89208)
Special Assistant United States Attorneys
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2600