IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                        No. CR 10-116 BDB

HAROLD R. WELLS,
NICK DEBRUIN, and
ERNEST BRUCE BONHAM

      Defendants.

## MEMORANDUM OPINION
## AND
## ORDER DENYING WELLS' MOTION TO DISMISS INDICTMENT

THIS MATTER is before the Court on the Motion of Defendant Harold R. Wells to Dismiss for Prosecutorial Misconduct (doc. 70). The Court having reviewed both submissions of counsel, finds the motion has no merit and it will be Denied.

### *Procedural Background*

Defendant did not testify before the Grand jury in this case. It is his contention that because of this, the Prosecutor improperly infringed upon his Fifth Amendment rights by improperly commenting before the Grand jury that people not testifying or people invoking their Fifth Amendment rights have in fact committed crimes. In support of this, Wells cites the Grand jury testimony of Sean Larkin, when the Prosecutor told the Grand jury "when people commit crimes, they don't have to tell

about them, that's what the Fifth Amendment is about." Wells also complains the Prosecutor said the Fifth Amendment is what you have when you engage in crime and you know that the answer to the question will incriminate you. (Wells' Br. Supp. p. 1).

Defense counsel further argues that during Rochelle Martin's testimony, the Prosecutor referred to her earlier testimony by saying, "At this time you wanted to take the Fifth Amendment and chose not to testify because you didn't want to be incriminated?" (*Id.*). From these statements, Well's counsel extrapolates as follows:

> By repeatedly emphasizing before the grand jury that the invocation of one's Constitutional right not to be a witness against himself is tantamount to admitting his guilt in the commission of a crime prejudiced this defendant in the grand jury proceedings. The prosecutors had advised and told the grand jury members that the non testifying proposed defendants were in fact guilty of committing crimes. The only way to prevent such prejudice was to be told what the prosecutors had told the grand jury about not testifying and then to testify before the grand jury. Unless a person testified before the grand jury, the grand jury had been told that the person was factually guilty of committing crimes.

(Wells' Br. Supp. p. 2).

After having reviewed the submitted grand jury transcripts, the Court concludes this is a substantial exaggeration of the message conveyed to the grand jury. Indeed, if Wells had been called to testify before the grand jury, he would certainly have been instructed as to his Fifth Amendment rights on the record. *United States v. Goodwin*, 57 F.3d 815 (9th Cir. 1995); *United States v. Matthews*, 787 F.2d 38, 44 n. 3 (2d Cir. 1986). Even if not constitutionally required, numerous courts have expressed

displeasure at the absence of such Fifth Amendment warnings. *See United States v. Gillespie*, 974 F.2d 796 (7th Cir. 1992); *United States v. Pacheco-Ortiz*, 889 F.2d 301 (1st Cir. 1989); *United States v. Babb*, 807 F.2d 272 (1st Cir. 1986); *United States v. Whitaker*, 619 F.2d 1142 (5th Cir. 1980). In expressing the wisdom of requiring such warnings, it seems highly unlikely that these courts intended the grand jurors to conclude "that the non testifying proposed defendants were in fact guilty of committing crimes." Indeed, it has been recognized as proper for a prosecutor to give the grand jury instructions on the law. *United States v. Wiseman*, 172 F.3d 1196, 1205 (10th Cir. 1999); *United States v. Venegas*, 800 F.2d 868, 870 (9th Cir. 1986).

Even if the Prosecutor's statement could be viewed as erroneous rather than helpful legal guides for the grand jury, however, a few limited legal statements would not be a basis to dismiss the indictment. *United States v. Edmonson*, 962 F.2d 1535, 1539 (10th Cir. 1992); *United States v. Wolfson*, 405 F.2d 779, 785 (2d Cir. 1968). The Tenth Circuit has often characterized prosecutors references to a target's invocation of his right to remain silent as at "most a technical error." *Edmonson, id.*; *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1245-46 (10th Cir. 1996). While the Prosecutor could certainly have phrased his Fifth Amendment statements much more artfully, Defendants have not overcome the "presumption of regularity" which is a difficult burden and "requires very significant misconduct on the part of the prosecutor or other government agents." *Edmonson, id.*

3

**O R D E R**

For the reasons stated above, Defendant Wells' Motion to Dismiss for Prosecutorial Misconduct is DENIED.

SO ORDERED this 12th day of January, 2011.

                                                           */s/ Bruce D. Black*
                                                           **BRUCE D. BLACK**
                                                           **Chief Judge**
                                                           **Sitting by Designation**