IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                    PLAINTIFF,


vs.                                          10-CR-116-BDB


HAROLD WELLS, NICK DEBRUIN, and
ERNEST BRUCE BONHAM,                         DEFENDANTS,


## PRE TRIAL STATUS MEMORANDUM

_____Comes now the Defendant, HAROLD WELLS, and for his pre trial status memorandum

submits the following;

The court has set a pre trial hearing on May 2, 2011, at 8:30 a.m. The court has set a trial

date for May 16, 2011 at 9:00.a.m. in Tulsa, Oklahoma.

## THE INDICTMENT

The Defendant, Harold R. Wells, has been indicted in a thirteen count indictment. The

Defendant Wells is indicted in Count 1. Count 1 alleges a violation of *18 U.S.C. 241*, a

conspiracy to violate the civil rights of Hugo Gutierrez that occurred on January 4, 2008. The

object of the conspiracy was to conduct an unlawful search of Gutierrez's residence and steal

money in an unlawful search and seizure. In the seizure, the TPD officers seized over a 140

pounds of marijuana, at least a half pound of methamphetamine, drug notes, scales and over

1

$83,000 in cash. The government will have to prove the following elements;

a. Defendant knowingly agreed with another to injure a  person;

b. In doing so, the defendant intended to hinder Gutierrez in the right to be free from unreasonable searches and seizures, a right guaranteed by the Constitution;

c. That one overt act was done in furtherance of the conspiracy. Tenth Circuit Criminal pattern jury instructions, 2.16.

The defendant Wells is indicted in Count 2 of the indictment. Count 2 alleges a violation of *18 U.S.C. 242*, deprivation of rights under the law on January 4, 2008.  The alleged object of the deprivation is Hugo Gutierrez, and the rights involved are the right to be free from unreasonable searches and seizures and to receive due process, and the object was to steal money from Gutierrez. The government will have to prove the following elements;

a. The defendant was acting under color of law;

b. The defendant deprived a person of a right secured under the Constitution or of the laws of the United States( it is alleged that the defendant deprived Hugo Gutierrez of the right to be free from unreasonable searches and seizures and to have due process.)

c. The defendant acted willfully and with a bad purpose to deprive Gutierrez of his right;

Color of law means the defendant acted in his official capacity. Tenth Circuit Criminal pattern jury instructions, 2.17.

The Defendant Wells is indicted in Count 3 of the indictment. Count 3 alleges a violation of *21 U.S.C. 841(a)(1),* distribution of less than 50 grams of methamphetamine in the spring of 2007. The government will have to prove the following elements;

a. The defendant knowingly and intentionally distributed methamphetamine;

2

b. The amount of the controlled substance was at least less than 50 grams.

Tenth Circuit Criminal pattern jury instructions, 2.85.1.

The defendant Wells is indicted in Count 4 of the indictment. Count 4 alleges a violation of *21 U.S.C. 846*, conspiracy to possess with intent and to distribute marijuana, cocaine, cocaine base and methamphetamine, from January 2006 through December 2009. The government will have to prove the following;

a. Two or more persons agreed to violate the federal drug laws;

b. The defendant knew the essential object of the conspiracy;

c. The defendant knowingly and voluntarily involved himself in the conspiracy;

d. There was interdependence among the members of the conspiracy, in other words the members in some way or manner intended to act together for their shared mutual benefit within the scope of the conspiracy charged;

e. The overall scope of the conspiracy involved (name amount) of a substance containing a detectable amount of (name substance).

Tenth Circuit Criminal pattern jury instructions, 2.87.

The defendant Wells was indicted in Count 5 of the indictment. Count 5 alleges a violation of *18 U.S. C. 941(c)(1)(A)(I)*, carrying and possessing a firearm during and in relation to the drug crimes alleged in Counts 3, 4 and 7 of the indictment between January 2006 and December 2009. The government will have to prove the following;

a. The defendant committed the crimes as alleged in Count 3, 4 and 7 of the indictment. You are instructed that the crimes as charged in count 3, 4 and 7 of the indictment are drug trafficking crime;

b. the defendant used or carried a firearm;

c. during in relation to the crimes in count 3, 4 and 7 of the indictment.

During and in relation to means that the firearm played an integral part in facilitating the underlying crime (made easier).  Tenth Circuit Criminal pattern jury instructions, 2.45. And the government will also have to prove the following;

a. The defendant committed the crimes as alleged in counts 3, 4 and 7 of the indictment, which said crimes in count 3, 4 and 7 of the indictment is a drug trafficking crime;

b. The defendant possessed a firearm in furtherance of the crimes. "In furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing or achieving the goal or objective of the underlying offense. Tenth Circuit Criminal pattern jury instructions, 2.45.1.

The defendant Wells was indicted in Count 6 of the indictment. Count 6 alleges a violation of *18 U.S.C. 241,* conspiracy to deprive any person of his rights under the Constitution or any laws of the United States. The time period alleged is between January 2006 and December 2009. The object of the conspiracy was to unlawfully arrest, convict and imprison persons. The manner and means of the conspiracy was to plant small quantities of marijuana, methamphetamine, cocaine and cocaine base on persons to arrest them for drug possession. The government will have to prove the elements listed in count 2 above.

The defendant Wells was indicted in count 7. Count 7 alleges a violation of *21 U.S.C. 846*, conspiracy to possess with intent to distribute and to distribute more than 500 grams of methamphetamine from the spring of 2009 through August 2009 with John Gray and others. The government will have to prove the elements as set out in count 4 above.

The defendant Wells was indicted in count 8 of the indictment. Count 8 alleges a

violation of *18 U. S. C. 341*, conspiracy. Count 8 further alleges a conspiracy to violate *18 U.S.C. 641,* theft of funds of the United States, the value of such was more than $1,000.00, occurring on May 18, 2009. The object was to steal cash from a purported drug dealer. The manner and means was to use their authority as law officers to carry out the conspiracy. Further part of the conspiracy was to steal cash from the purported drug dealer, and to also deprive the drug dealer of his rights under the Constitution. The government will have to prove the following;

a. The defendant agreed with at least one other to violate the law;

b. One of the conspirators engaged in at least one overt act;

c. The defendant knew the essential objective of the conspiracy;

d. The defendant knowingly and voluntarily participated;

e. There was interdependence among the members.  Tenth Circuit Criminal pattern jury instructions, 2.19.

The Defendant Wells was indicted in count 9 of the indictment. Count 9 alleges a violation of *18 U.S.C. 641,* theft of government funds on May 18, 2009. The government must prove the following elements;

a. The property belonged to the United States government. It does not matter that the defendant did not know the property belonged to the United States government. It must be shown that the defendant did know that the property did not belong to him;

b. That the defendant stole the property intending to put it to his own use and the defendant took the property knowing it was not his and with the intent to deprive the owner of the use or benefit of the property;

c. That the value was more than $1000.00. Tenth Circuit Criminal pattern jury

5

instructions, 2.31.

The Defendant Wells was indicted in Count 10 of the indictment. Count 10 alleges a violation of *21 U.S.C. 843(b)*, use of a communication facility to commit a drug felony. It is alleged that on July 29, 2009, Wells used a communication facility to facilitate a drug crime of conspiracy to possess with intent to distribute and to distribute methamphetamine in an amount greater than 500 grams. The government will have to prove the following elements;

a. The defendant knowingly used a telephone;

b. The defendant acted with the intent to commit, cause or facilitate the commission of a drug felony (conspiracy to possess with intent to distribute or to distribute 500 or more grams of methamphetamine).  You are instructed that conspiracy to possess with intent to distribute or to distribute methamphetamine is a drug felony.

Tenth Circuit Criminal pattern jury instructions, 2.86.

Defendant Wells is not indicted in counts 11, 12 or 13. The defendant Wells has entered a plea of not guilty to all charges. These are the issues as pertains to Defendant Wells.

## **PENDING MOTIONS**

Defendant Wells has filed the following motions to date that have not been ruled upon by the court:

1. Motion to suppress audio recordings. The motion is filed under seal. The government has not responded as of yet, but has until May 6, 2011 to do the same. All defendants have filed a similar motion.

2. Motion to suppress video recordings. The motion is filed under seal. The government has not responded as of yet, but has until May 6, 2011 to do the same. All defendants have filed a

similar motion. The government has responded to Debruin's motion to suppress.

3. Motion to dismiss count 5 for duplicity. The government has not responded as of yet, but has until May 6, to do the same.

4. Motion to suppress wire tap. The motion is filed under seal. The motion was filed May 1, 2011.  The government has not responded as of yet, but has until May 6, 2011 to do the same.

5. Motion for continuance filed by Defendant Nick Debruin, but joined in by Defendant Wells. The motion is filed under seal, since it contains trial strategy. The motion avers that the government objects to the continuance. The government has not formally responded since it was filed under seal, but the government has objected formally to any continuance. This motion is set for hearing on May 2, 2011 at 8:30 a.m.  In addition to the particulars set out therein, Defendant Wells would state that pre trial preparation has taken unusually long because witness interviews have to be conducted with a representative of the Tulsa City Attorneys' staff present. To accommodate all parties including representatives of Defendants Henderson and Yelton, defendants in another case, the officer witnesses are presented for 90 minute segments five times a day. The City attorneys' office for the week of May 6 has set 23 interviews through Friday of the week, ten days prior to the start of the trial. At times city officers who are detailed to a federal task force will not be interviewed due to their federal status and presumably the objection of the United States Attorney. The city is trying to accommodate the parties, but there is an administrative order preventing the interviews without the city attorney being present. Interviews sometimes run long with five counsel doing the interviewing and sometimes run short, but there is no witness waiting until the next appointed  time.  It will be difficult to be ready due to this schedule.

The government has filed the following motions to date that have not been ruled upon by the court that affect Defendant Wells.

1. First motion in limine filed under seal. The defendant has responded and objected to this motion under seal. In said response there is a counter motion in limine. This has not been responded to by the government, but may not need to be since it involves the same issues as both the original motion and response, but the government would have until May 6 to respond anyway.

2. Second motion in limine regarding Eric Hill. The defendant Wells has not responded as of yet, but has until May 6 to do so.

3. Third motion in limine as to John Gray. The defendant Wells has not responded as of yet, but has until May 6 to do the same.

4. Motion for anonymous jury. The defendant Wells has objected to the motion and responded as well.

5. Motion in limine regarding 302s and government memorandums. The defendant Wells has objected to this motion in limine and responded as well.

## TRIAL ISSUES

The parties have agreed upon a jury questionnaire. The parties have agreed to split the cost of mailing the same to jurors.

Depending upon the rulings by the court on the evidentiary motions, the defendant may call as many as thirty witnesses. However many of the witnesses maybe called by other parties, so the number is a fluid number. Further since witness preparation (see motion for continuance) is continuing through Friday of this week, the number could change either up or down. Further

8

most witnesses will have a brief role in the presentation of evidence, and can be examined quickly. Defendant Wells still believes that his case can be presented in three to five days.

Preparation for tangible evidence presentation must be deferred until the court's ruling on pretrial motions since the rulings will affect what evidence must be shown or needs to be shown, if any.

WHEREFORE Defendant Wells herewith submits his pre trial status memorandum for the Court's benefit and for the pre trial conference.

HAROLD WELLS, DEFENDANT

GOTCHER AND BEAVER
POST OFFICE BOX 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412
ATTORNEYS FOR DEFENDANT

By; s/ Warren Gotcher
      Warren Gotcher, OBA#3495
   Warren@Gotcher-Beaver.com

### *CERTIFICATE OF SERVICE*

I hereby certify that on the 25th day of April, 2011, I electronically transmitted the foregoing documents to the Clerk of the Court using the ECF System for filing under seal.   By e-mail this same date, an electronic copy has been sent to Jane Duke (jane.duk@usdoj.gov), Shannon McMurray (shannlaw@yahoo.com) and William Dixon Lunn (wlunn@peoplepc.com).

S/Warren Gotcher
WARREN GOTCHER, OBA 3495

9