# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HAROLD WELLS, ) <br> ) <br> Defendant. ) | Case No. 10-CR-116-JED |

## OPINION AND ORDER

Before the Court is a "Motion for Reduction of Sentence Under Rule 35(b)(2)(C) [and] Alternative Motion for Writ of Audita Querela § 1651," filed by the defendant, Harold Wells. (Doc. 306).

Mr. Wells, a former police officer, was indicted on July 19, 2010 on Counts 1 through 10 of an Indictment which charged that he had conspired to violate the civil rights of a person, conspired to possess and distribute and aided and abetted the distribution of controlled substances, conspired to steal more than $1,000 of United States funds, and used a communication facility to commit or facilitate the commission of a drug felony. (*See* Doc. 2; *see also* Doc. 242-1). The Judges of this District recused, and United States District Judge Bruce D. Black was then assigned. (Doc. 19, 20, 21, 22). Following a jury trial, verdicts were entered on June 10, 2011, finding Mr. Wells not guilty on five counts and guilty on the remaining five counts of the Indictment. (Doc. 242-1). Judge Black subsequently granted Mr. Wells's motion for acquittal as to one of the counts, which charged that he had possessed a firearm during a drug trafficking crime, because there was no evidence that he carried his service weapon "in relation to" the drug conspiracy of which he was convicted. (*See* Doc. 271 at 5-9; Doc. 274).

On December 8, 2011, Mr. Wells was sentenced to a total term of 120 months, on Counts 7, 8, 9, and 10 of the Indictment. The term consisted of 120 months as to Count 7, 60 months as to Count 8, 120-months as to Count 9, and 48 months as to Count 10, each sentence to run concurrently with the others. (Doc. 281 at 2). On May 5, 2015, Mr. Wells filed a motion for reduction of sentence under Fed. R. Crim. P. 35(b)(2)(C) or an alternative motion for writ of audita querela. (Doc. 306). Judge Black subsequently retired, and the case was reassigned to this Court. (*See* Doc. 310).

As grounds for his motion, Mr. Wells asserted that he provided substantial assistance by way of testimony in the case of United States v. Jeffrey Williams, 97-CR-171-JHP, and that the government refused to file a motion under Fed. R. Crim. P. 35, despite Mr. Wells's request that the government do so. He alternatively requests that the Court exercise authority under the All Writs Act, 28 U.S.C. § 1651. (*See* Doc. 306).

Mr. Wells argues that the Court has jurisdiction to modify his sentence under 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35(b)(2)(C). The statute provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise permitted by statute or by Rule 35." 18 U.S.C. § 3582(c). In relevant part, Rule 35(b)(2)(C) provides that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant."

The provisions of § 3582(c) and Fed. R. Crim. P. 35 are jurisdictional. *See United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014). The government did not file a motion under Rule

35, because it determined that Mr. Wells had not provided substantial assistance. Because the government did not file a motion to modify under Rule 35(b)(2)(C), the Court does not have jurisdiction to modify the sentence. Mr. Wells is thus ineligible for a sentence reduction, and the motion must be dismissed for lack of jurisdiction. *See United States v. Ford*, 699 F. App'x 812 (10th Cir. 2017).

The defendant's alternative request for a writ of audita querela is likewise misplaced. "[A] writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters that arise after its rendition.'" *United States v. Torres*, 282 F.3d 1241, 1245, n.6 (10th Cir. 2002). Because Mr. Wells's sentence was not rendered inappropriate or illegal, there is no basis for such a writ.

IT IS THEREFORE ORDERED this 13th day of December, 2017, that the motion (Doc. 306) is **dismissed**.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE