IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 10-CR-00116-JED |
| | ) | (Related: 18-CV-217-JED-JFJ) |
| HAROLD WELLS, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant's "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) Based on the 'Minor Role' Amendment" (Doc. 312).

**I.  Background**

Wells, a former police officer, was indicted on July 19, 2010 on Counts 1 through 10 of an Indictment which charged that he had conspired to violate the civil rights of a person, conspired to possess and distribute and aided and abetted the distribution of controlled substances, conspired to steal more than $1,000 of United States funds, and used a communication facility to commit or facilitate the commission of a drug felony. (*See* Doc. 2; *see also* Doc. 242-1). The Judges of this District recused, and United States District Judge Bruce D. Black was then assigned. (Doc. 19, 20, 21, 22). Following a jury trial, verdicts were entered on June 10, 2011, finding Mr. Wells not guilty on five counts and guilty on the remaining five counts of the Indictment. (Doc. 242-1). Judge Black subsequently granted Mr. Wells's motion for acquittal as to one of the counts, which charged that he had possessed a firearm during a drug trafficking crime, because there was

1

no evidence that he carried his service weapon "in relation to" the drug conspiracy of which he was convicted. (*See* Doc. 271 at 5-9; Doc. 274).

On December 8, 2011, Mr. Wells was sentenced to a total term of 120 months, on Counts 7, 8, 9, and 10 of the Indictment. The term consisted of 120 months as to Count 7, 60 months as to Count 8, 120 months as to Count 9, and 48 months as to Count 10, each sentence to run concurrently with the others. (Doc. 281 at 2). On May 5, 2015, Mr. Wells filed a motion for reduction of sentence under Fed. R. Crim. P. 35(b)(2)(C) or an alternative motion for writ of audita querela. (Doc. 306). This Court dismissed Mr. Wells's motion on December 13, 2017, concluding that Mr. Wells was ineligible for a sentence reduction and that there was no basis for a writ of audita querela.[1] (Doc. 311).

Mr. Wells filed the present motion on April 20, 2018. He argues that Amendment 794 to the Sentencing Guidelines, which went into effect in November 2015, should be applied retroactively to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II. Analysis

Because Mr. Wells proceeds *pro se*, the Court construes his filing liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Odgen v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Even so, the Court finds that this § 2255 motion must be denied.

A one-year period of limitation applies to motions under § 2255. This limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[1] The case was reassigned to this Court following Judge Black's retirement. (*See* Doc. 310).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Mr. Wells asserts that § 2255(f)(4) applies here, yet he points to no new facts that were not available to him at his sentencing on December 6, 2011. Instead, he seems to suggest that the promulgation of Amendment 794 serves as a basis for invoking § 2255(f)(4). This argument has been rejected by courts across the country. *See United States v. Harrison*, 680 F. App'x 678, 680-81 (10th Cir. 2017) (unpublished); *United States v. Bazaldua*, Nos. 06-CR-0100 (JNE/JSM) & 16-CV-2479 (JNE), 2016 WL 5858634, at *1 (D. Minn. Oct. 5, 2016) (unpublished) ("Amendment 794 to the Sentencing Guidelines therefore is not a basis for [defendant] to invoke § 2255(f)(4)."); *United States v. Barnes*, No. 3:14CR121, 2017 WL 4324701, at *3 (E.D. Va. Sept. 28, 2017) (unpublished) ("Amendment 794 cannot constitute a new 'fact' for purposes of 28 U.S.C. § 2255(f)(4)."); *United States v. Lindsay*, Nos. 10-00319-20 & 16-1567, 2017 WL 6567992, at *2 (W.D. La. Dec. 22, 2017) (unpublished) (finding that Amendment 794 could not serve as the basis to invoke § 2255(f)(3) or § 2255(f)(4)).

In *United States v. Harrison*, Judge Claire V. Eagan denied a similar § 2255 motion in which the defendant argued she was entitled to a minor role reduction based on

3

Amendment 794. Nos. 12-CR-0016-CVE-1 & 16-CV-0540-CVE-FHM, 2016 WL 6310768 (N.D. Okla. Oct. 27, 2016). Judge Eagan noted that the defendant did "not identify any facts that could not be discovered until months after her sentence was finalized" and that "all the facts related to her sentence were necessarily available at her resentencing in 2014." *Id.* at *1. Thus, Judge Eagan applied § 2255(f)(1) and found that the defendant's time to file a § 2255 motion had already expired. *Id.* The Tenth Circuit denied the defendant a certificate of appealability (COA) and dismissed her appeal, finding that Amendment 794 was not a "fact" that would allow her to invoke § 2255(f)(4). *Harrison*, 680 F. App'x at 680-81.

Here, as in *Harrison*, Mr. Wells points to no newly discovered "facts" that would reset the limitation period under § 2255(f)(4); therefore, the Court applies § 2255(f)(1) to determine if the one-year period of limitation has expired. A judgment of conviction is considered final when the availability of appeal has been exhausted and the time for a petition for certiorari has elapsed or such a petition has been denied. *United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000) (applying the definition of a "final conviction" from *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). Here, the Supreme Court denied Mr. Wells's petition for certiorari on October 6, 2014. (Doc. 305). Thus, the one-year limitation period expired on October 6, 2015, making this § 2255 motion clearly untimely.

Mr. Wells also asserts that Amendment 794 should be retroactively applied to his sentence. One of the few circumstances in which a district court may modify a prisoner's sentence is when he "has been sentenced to a term of imprisonment based on a sentencing

4

range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). In that case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction is not consistent with the applicable policy statement "and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2). Amendment 794 is not listed in subsection (d) of § 1B1.10; as a result, "Amendment 794 cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence." *United States v. Harrison*, 2016 WL 6310768, at *2. *See also United States v. Osborne*, Nos. 6:13-030-DCR-3 & 6:16-200-DCR, 2017 WL 915129, at *2 (E.D. Ky. Mar. 8, 2017) ("[Even] assuming the promulgation of Amendment 794 restarts the clock, or that equitable tolling is appropriate, [defendant] is not entitled to relief under Amendment 794" because it "is not listed in § 1B1.10, and neither has it otherwise been held to apply on collateral review.").

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of act and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Court finds that a hearing is not necessary in this case because the record conclusively

establishes that Mr. Wells is not entitled to relief. Mr. Wells's § 2255 motion (Doc. 312) is hereby **denied**.

**ORDERED** on this 26th day of April, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE